**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JEFF SLADEK,<br><br>           Plaintiff,<br><br>v.<br><br>ROBINSON, *et al.*,<br><br>           Defendants. | Case No. 3:19-CV-0764-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 54] |

This case involves a civil rights action filed by Plaintiff Jeff Sladek ("Sladek") against Defendants Matthew Gregory ("Gregory"), Michael Thalman ("Thalman"), and Robert Robinson ("Robinson")[2] (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF No. 54.) Sladek was given notice of the motion pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (ECF No. 55.) Sladek failed to file an opposition to the motion and the Court *sua sponte* granted Sladek an extension of time to May 27, 2022 to file an opposition. (ECF No. 56.) To date, Sladek has failed to file an opposition. For the reasons stated below, the Court recommends that Defendants' motion for summary judgment, (ECF No. 54), be **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This is a pro se prisoner civil rights action brought by former inmate Sladek, asserting claims arising under 42 U.S.C. § 1983. Sladek filed a complaint on December 26, 2019 alleging his Eighth Amendment right against cruel and unusual punishment was

---

[1]  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]  Robinson is incorrectly referred to in the complaint and screening order as Roberson. (ECF Nos. 14, 15.)

violated because he was allegedly housed in an unsanitary "red-tagged" cell which water lacked any running water, had an inoperable toilet that contained human excrement, and had water leaking from the walls. (ECF No. 15 at 4-6.) This Court screened Sladek's complaint under 28 U.S.C. § 1915A and allowed Sladek's claim to proceed against Defendants who allegedly failed to remedy the conditions or move Sladek to another cell. (ECF No. 14 at 3-5.)

Defendants filed a motion for summary judgment arguing Sladek's claim is barred because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a), prior to filing this lawsuit. (ECF No. 54.) Specifically, Defendants state the conditions of Sladek's cell existed from approximately December 4, 2019 through December 19, 2019. However, he filed his complaint on December 26, 2019 *before* he filed a grievance regarding the issues on December 30, 2019. (*Id.*) Sladek failed to file an opposition.

## II. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim or claims determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the

nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

///
///
///

## III. DISCUSSION

### A. Civil Rights Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

### B. Exhaustion of Administrative Remedies

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement's underlying premise is to "reduce the quantity and improve the quality of prisoner suits" by affording prison officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524–25.

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d

1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). Thus, exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

In the Ninth Circuit, a motion for summary judgment will typically be the appropriate vehicle to determine whether an inmate has properly exhausted his or her administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166. The question of exhaustion "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino*, 747 F.3d at 1172. If the defendant makes such a showing, the burden shifts to the inmate to "show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

**C.    NDOC's Inmate Grievance System**

Administrative Regulation ("AR") 740 governs the grievance process at NDOC institutions. To properly exhaust administrative remedies, an inmate must grieve through all three levels: (1) Informal; (2) First Level; and (3) Second Level. (*See* ECF No. 73-4.) First, the inmate must file an informal grievance within six months "if the issue involves personal property damages or loss, personal injury, medical claims or any other tort claims, including civil rights claims." (*Id.* at 11.) The inmate's failure to submit the informal grievance within this period "shall constitute abandonment of the inmate's grievance at

this, and all subsequent levels." (*Id.* at 12.)  NDOC staff is required to respond within 45 days. (*Id.*) An inmate who is dissatisfied with the response to the informal grievance may appeal to the next grievance level within five calendar days. (*Id.*)

This next grievance level is called a "First Level Grievance." (*Id.*) A First Level Grievance should be reviewed, investigated, and responded to by the Warden at the institution where the incident occurred; however, the Warden may utilize any staff in the development of a grievance response. (*Id.* at 12-13.) The time limit for a response to the inmate is 45 days. (*Id.* at 14.) Within five days of receiving a dissatisfactory response to the First Level grievance, the inmate must then appeal to the next level, called the "Second Level Grievance." (*Id.*) Officials are to respond to a Second Level Grievance within 60 days, which must include the decision and the reasons for the decision. (*Id.*at 15.) Once the 60-day time frame expires, or after the inmate receives a response to the Second Level Grievance, they are considered to have exhausted available administrative remedies and may pursue civil rights litigation in federal court.

### D. Sladek's Failure to Exhaust

Sladek initiated this action by filing a complaint on December 26, 2019. (ECF No. 1-1.) However, according to the undisputed evidence provided by Defendants, Sladek did not file any grievance related to the allegations in this complaint prior to filing this lawsuit. Rather, according to the undisputed evidence, Sladek filed his informal grievance on the issues related to this cell on December 30, 2019 – four days after he filed his complaint. (ECF No. 54-1.) "Exhaustion subsequent to the filing of suit will not suffice" to exhaust an inmate's administrative remedies pursuant to the PLRA. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing *Booth v. C.O. Churner*, 532 U.S. 731, 738 (2001)). Therefore, the Court finds Sladek failed to exhaust his administrative grievance process before to filing his complaint and Defendants have met their initial burden on summary judgment.

The burden now shifts to Sladek to "show there is something in his particular case that made the existing and generally available administrative remedies effectively

unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams*, 775 F.3d at 1191 (internal quotations omitted). Sladek failed to provide any evidence that the administrative remedies were "effectively not available to him." *Albino*, 747 F.3d at 1172. Therefore, Sladek has failed to meet his burden and the Court must enter summary judgment on behalf of the Defendants.

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion for summary judgment, (ECF No. 54), be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 54), be **GRANTED** and judgment entered accordingly.

**DATED**: June 29, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**