UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JEFF SLADEK, | Case No. 3:19-cv-00764-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ROBERSON, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Jeff Sladek brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 58), recommending the Court grant Defendants' motion for summary judgment (ECF No. 44 ("Motion")). Defendants filed their Motion on March 30, 2022, and Sladek had until April 20, 2022, to respond. Sladek did not file a response to the Motion, even after the Court sua sponte granted an extension until May 27, 2022. (ECF No. 56.) Sladek subsequently had until July 13, 2022, to file an objection to the R&R, but here too, no objection or other response has been filed. For this reason, and as explained below, the Court adopts the R&R and grants Defendants' Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin found that the undisputed evidence submitted indicates Sladek did not file a grievance related to the allegations in his complaint prior to filing suit. (ECF No. 58 at 7.) Administrative exhaustion is a prerequisite to suit under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Although Sladek did file an informal grievance after he initiated this suit, Judge Baldwin correctly noted that subsequently filed grievances do not satisfy the requirements of the PLRA. (ECF No. 58 at 7.) Judge Baldwin further reasoned that the burden then shifts to Sladek to show that exhaustion was impracticable, but because Sladek never responded to the Motion, he has failed to meet this burden. The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 58) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 54) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 19th Day of July 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE